IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| EDWARD FRANCIS SCIOSCIOLE, | ) | 2:13-cv-02438-BMK |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS |
| vs. | ) | |
| | ) | |
| GOWER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

<u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

Before the Court is Edward Francis Sciosciole's Petition Under 28

U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.   After

careful consideration of the Petition and the supporting and opposing memoranda,

the Court DENIES the Petition for Writ of Habeas Corpus.

<u>FACTUAL BACKGROUND</u>[1]

On April 7, 2010, Petitioner Edward Francis Sciosciole walked into a

Wells Fargo bank in California and handed the bank service manager a note that

read, "This is a robbery."   The manager gave Petitioner $3,810, and he ran off.

---

[1] These facts are taken from the California Court of Appeal's opinion on direct review.   (Attached to Answer.)   Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct."   Petitioner bears the burden of rebutting this presumption by clear and convincing evidence, but he does not challenge the facts recounted by the California Court of Appeal.   <u>See id.</u>

Petitioner was subsequently arrested and was positively identified in a lineup.

Petitioner was charged with second degree robbery (count one) and grand theft (count two).   The information also noted that Petitioner had two 2005 convictions for robbery and a 2005 conviction for making a criminal threat.   It was also alleged that Petitioner had served four prior and separate prison terms.

On May 2, 2011, Petitioner's jury trial commenced.   After both sides rested and upon the advice of trial counsel, Petitioner waived his right to a jury trial and requested a bench trial instead.   The next day, the jury found Petitioner guilty of robbery (count one).   After further consultation with his trial counsel, Petitioner waived his right to a trial on the prior convictions and prison term allegations and instead admitted the 2005 prior convictions, each which qualified as prior strikes. He also admitted he had served a prior prison term.

On July 13, 2011, Petitioner filed a <u>Romero</u> motion,[2] seeking to have two of his prior strike convictions dismissed.   The court denied this motion and sentenced Petitioner to thirty years to life, consisting of a third strike sentence of twenty-five years to life for count one, and a consecutive five years for one of the prior convictions.   The other five-year terms for each of the two remaining prior

---

[2] "In a <u>Romero</u> motion, a criminal defendant seeks to have a prior conviction dismissed or stricken so that it cannot be considered for purposes of imposing a sentence under California's Three Strikes law."   <u>Burrell v. Lewis</u>, No. C-13-1109 EMC, 2014 WL 5390520, at *4 (N.D. Cal. Oct. 21, 2014).

convictions and the one-year prior prison term enhancement were stayed.

## PROCEDURAL BACKGROUND

Petitioner filed a direct appeal to the California Court of Appeal, challenging the trial court's denial of his Romero motion.   The court found no abuse of discretion and affirmed the judgment.   Petitioner then sought direct review in the state supreme court, abandoning his Romero claim and arguing for the first time that the trial court erred in denying him a mental competency hearing.   The supreme court denied the petition without comment or citation.

Petitioner filed a state habeas petition in the superior court, asserting that (1) the trial court erroneously denied him a mental competency hearing and (2) his trial counsel was ineffective for advising him to admit his prior convictions. The court denied his habeas petition.   As to his claim regarding a mental competency hearing, the court held:   "Petitioner raised his mental health condition/competency on appeal.   The court denied the claim.   In general, habeas relief is not appropriate for issues raised and rejected on appeal (In re Waltreus (1965), 62 Cal. 2d 218), or which could have been raised on appeal but were not (In re Dixon (1953), 41 Cal. 2d 756)."   Petitioner presented the same two claims in a habeas petition to the state supreme court, which silently denied the petition.

## DISCUSSION

3

The Antiterrorism and Effective Death Penalty Act ("AEDPA")

establishes a "highly deferential standard for evaluating state-court rulings.

Woodford v. Visciotti, 537 U.S. 19, 24 (2002).   Under AEDPA, "we must defer to

the state court's resolution of federal claims unless its determination 'resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States.'"

Delgadillo v. Woodford, 527 F.3d 919, 924-25 (9th Cir. 2008) (quoting 28 U.S.C.

§ 2254(d)(1)).   "The relevant state court determination for purposes of AEDPA

review is the last reasoned state court decision."   Id.

I.     Petitioner's Claim Regarding the Denial of a Mental Competency Hearing
       is Procedurally Barred (Ground 1).

        In Ground 1 of his Petition, Petitioner argues that he was wrongfully

denied a mental competency hearing in the trial court.   (Petition at 5.)   He contends

that the absence of a mental competency hearing violated his constitutional rights to

due process and a fair trial.   As discussed below, the Court finds that the last

reasoned state court decision – i.e., the state superior court's decision upon habeas

review – imposed an adequate and independent state procedural bar when it denied

this claim.   Consequently, the Court concludes that federal habeas review of this

claim is barred.

4

Under the procedural bar doctrine, "federal courts will not review a question of federal law previously decided by a state court if the state court's decision rests on a state law ground that is independent of federal law and adequate to support judgment." Xiong v. Felker, 681 F.3d 1067, 1075 (9th Cir. 2012) (citing Coleman v. Thompson, 501 U.S. 722, 729 (1991)).   A state procedural rule is "independent" unless it appears "to rest primarily on federal law or appears to be interwoven with federal law." Id. (citing Coleman, 501 U.S. at 734).   The rule is "adequate" if it is "'firmly established and regularly followed' by the time as of which it is to be applied." Id. (citing Ford v. Georgia, 498 U.S. 411, 424 (1991)). A petitioner may avoid application of this procedural bar doctrine only "if he can establish cause and prejudice, or that failure to consider the claim will result in a fundamental miscarriage of justice." Id. (citing Coleman, 501 U.S. at 750).

In this case, on direct appeal to the California Court of Appeal, Petitioner did not challenge the denial of a mental competency hearing in the trial court.   In his petition for review to the California Supreme Court, he raised this issue for the first time.   The court denied the petition without comment or citation. In his habeas petition to the state superior court, Petitioner reasserted that he was denied a mental competency hearing.   The court rejected this argument, stating: "Petitioner raised his mental health condition/competency on appeal.   The court

denied the claim.   In general, habeas relief is not appropriate for issues raised and rejected on appeal (In re Waltreus (1965), 62 Cal. 2d 218), or which could have been raised on appeal but were not (In re Dixon (1953), 41 Cal. 2d 756)."   The same claim was presented in Petitioner's habeas petition to the California Supreme Court, which silently denied the petition.

The superior court, in the last reasoned state court decision, cited to Waltreus, which indicates that it rejected the habeas petition because Petitioner had failed to comply with Rule 8.500 (formerly Rule 28(b)) of the California Rules of Court on direct appeal.   Galvan v. Barnes, No. 1:09-cv-01713 GSA HC, 2010 WL 2612875, at *7 (E.D. Cal. June 25, 2010) (citing Forrest v. Vasquez, 75 F.3d 562, 563-64 (9th Cir. 1996) ("A Waltreus citation indicates that the claim was defaulted under Cal. Rules of Court 8.500.").   Rule 8.500(c)(1) states:   "As a policy matter, on petition for review the Supreme Court normally will not consider an issue that the petitioner failed to timely raise in the Court of Appeal."

As applied to this case, Rule 8.500(c)(1) precluded the state supreme court from considering Petitioner's challenge regarding a mental competency hearing because that issue was not presented to the court of appeal.   Thus, on habeas review, the state superior court denied Petitioner's mental competency hearing claim for failure to comply with Rule 8.500 during the direct appeal.

It is well settled that California Rules of Court 8.500 is "an adequate and independent state procedural ground barring federal review." Galvan, 2010 WL 2612875, at *7 (citing Forrest, 75 F.3d at 564 ("We find Rule [8.500] to be an adequate and independent state procedural ground barring federal review of Forrest's constitutional claims.")).   Therefore, the Court finds that the state superior court relied on an independent and adequate state procedural ground in denying Petitioner's challenge to the denial of a mental competency hearing in his state habeas petition.   See id.

Having found that the state court applied an independent and adequate state procedural rule, federal habeas review of this claim is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."   Coleman, 501 U.S. at 750. "Cause" requires Petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 479 (1986).   To show "prejudice," Petitioner must establish "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."   U. S. v. Frady, 456 U.S. 152, 170 (1982).

The "miscarriage of justice" exception only applies where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995).   Petitioner does not address these issues and therefore fails to establish cause, prejudice, or miscarriage of justice.   Accordingly, the Court concludes that the state superior court, in denying Petitioner's claim regarding a mental competency hearing, applied an independent and adequate state procedural rule that bars federal review of this claim.   See Forrest, 75 F.3d at 564; Galvan, 2010 WL 2612875, at *7.

Even if the Court reviewed the merits of Petitioner's claim, the Court would conclude that habeas relief is unwarranted.   A "due process evidentiary hearing is constitutionally compelled at any time that there is 'substantial evidence' that the defendant may be mentally incompetent to stand trial." Kaplany v. Enomoto, 540 F.2d 975, 980 (9th Cir. 1976).   "'Evidence' encompasses all information properly before the court, whether it is in the form of testimony or exhibits formally admitted or it is in the form of medical reports or other kinds of reports that have been filed with the court." Id. at 980-81.   Relevant evidence includes evidence of a "defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand." Drope, 420 U.S. at 180. Where the evidence raises a reasonable doubt about the defendant's competency,

"the trial court sua sponte must order an evidentiary hearing on the competency issue."  Id.

On habeas review, this Court considers only the evidence that was before the trial judge.   Davis v. Woodford, 384 F.3d 628, 645 (9th Cir. 2004). During plea negotiations, Petitioner submitted a letter to the trial judge, stating that he was bipolar and suffered from depression.   However, Petitioner described how he was able to excel in the Air Force, was chosen as Airman of the Quarter on three separate occasions, and was an educator in CPR, combat first aid, and field encampment.   Even after his depression resurfaced, he maintained a good paying job and attended college.   Later, during the pre-sentencing phase, Petitioner submitted another letter that mirrored the same mental health history as in his previous letter.   He also included personal achievements, military performance reports, and college transcripts.   Moreover, during court proceedings, Petitioner answered the court's questions appropriately and represented to the court that he understood each of the rights he was waiving; he did not exhibit any irrational behavior.   In sum, none of the evidence before the trial court suggested that Petitioner was incompetent to stand trial or unable to assist in his own defense, consult with his lawyer, or understand the proceedings against him.   Davis, 384 F.3d at 644-45.   Thus, the court was under no duty to hold a mental competency

hearing for Petitioner.   See Drope, 420 U.S. at 180.   Accordingly, this Court denies

Petitioner's claim that his constitutional rights were violated by the trial court's

denial of a mental competency hearing.

II.     The State Court's Denial of Petitioner's Claim for Ineffective Assistance
        of Counsel Does Not Offend United States Supreme Court Precedent
        (Ground 2).

        In Ground 2, Petitioner raises a claim for ineffective assistance of

counsel, arguing trial counsel improperly advised him on how to proceed on the

prior conviction sentencing enhancement allegations.   Petitioner states that trial

counsel first advised him to go to trial on his prior convictions and suggested that

Petitioner would get "25 [years] to life."   After the verdict was reached, however,

trial counsel recommended that Petitioner admit his priors, which he did.

Thereafter, Petitioner was sentenced to "30 years to life."   Petitioner argues that

trial counsel's advice was deficient because he was sentenced to 30 years instead of

25 years.   This claim was raised in Petitioner's state habeas petitions and was

denied.

        To establish an ineffective assistance of counsel claim under Strickland

v. Washington, 466 U.S. 668, (1984), "a defendant must show both deficient

performance and prejudice."   Knowles v. Mirzayance, 556 U.S. 111, 122 (2009).

Deficient performance is defined as representation that falls "below an objective

standard of reasonableness."   Strickland, 466 U.S. at 688.   As to prejudice, a

challenger must demonstrate "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."

Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (quotation omitted).   "Failure to

satisfy either prong of the Strickland test obviates the need to consider the other."

Rios v. Rocha, 299 F.3d 796, 805 (9th Cir. 2002) (citing Strickland, 466 U.S. at

688).

   In this case, trial counsel had originally advised Petitioner that, because

he did not plead guilty to his prior convictions, he should refute the prior convictions

in a trial.   However, after the verdict was reached in this case, trial counsel advised

Petitioner to waive trial on his prior convictions and to admit them instead.   Trial

counsel explained that, if Petitioner disputed his prior convictions at a trial, the judge

would be less likely to strike his prior convictions on a Romero motion at the

sentencing hearing.   Based on counsel's advice, Petitioner waived his right to go to

trial on the prior convictions and instead admitted them.   At the sentencing hearing,

the court denied Petitioner's Romero motion.

   In the last reasoned state court decision on this issue, the state superior

court rejected this argument, holding "the petition fails to show that there is a

reasonable probability that defendant would have had a more favorable result had

11

counsel acted differently.   The court is required to give deference to counsel's tactical decisions.   Included in tactical decisions is whether after consultation with the defendant the allegations of strike priors should be heard by the jury or by the court."

It is well settled that "counsel's tactical decisions at trial . . . are given great deference and must similarly meet only objectively reasonable standards." Elmore v. Sinclair, 799 F.3d 1238, 1250 (9th Cir. 2015); see Reynoso v. Giurbino, 462 F.3d 1099, 1112 (9th Cir. 2006) ("trial counsel is typically afforded leeway in making tactical decisions regarding trial strategy").   "As long as defense counsel uses a 'sound trial strategy,' employing that strategy does not constitute deficient performance."   Elmore, 799 F.3d at 1250.

Here, trial counsel made a tactical decision for Petitioner to admit his prior convictions instead of trying them.   Counsel's reason for this strategy was that, if Petitioner went to trial on his prior convictions, the judge would be less likely to strike his priors when ruling on Petitioner's Romero motion.   In other words, Petitioner could convey contrition instead of recalcitrance by admitting his prior convictions, thereby bolstering the chance that his Romero motion would be granted.   The Court finds that this strategy was sound and objectively reasonable and, therefore, does not constitute deficient performance.   See Elmore, 799 F.3d at

1250.   Absent a showing that counsel's performance was deficient, the Court concludes that Petitioner is not entitled to habeas relief on this ineffective assistance of counsel claim.   <u>Knowles</u>, 556 U.S. at 122; <u>Rios</u>, 299 F.3d at 805 ("Failure to satisfy either prong of the <u>Strickland</u> test obviates the need to consider the other.").

<u>CONCLUSION</u>

For the foregoing reasons, the Court DENIES the Petition for Writ of Habeas Corpus.   The Clerk of Court is directed to enter judgment in favor of Defendant.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 4, 2016.



  /S/ Barry M. Kurren

Barry M. Kurren
United States Magistrate Judge

<u>Sciosciole v. Gower</u>, 2:13-cv-02438-BMK, ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS.