UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FRANCIS SCIOSCIOLE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>GOWER,<br><br>　　　　Respondent. | No. 2:13-cv-2438 CKD P<br><br><br>ORDER |

Petitioner is a California prisoner proceeding pro se. Both parties have consented to have all proceedings in this matter before a United States Magistrate Judge. See 28 U.S.C. § 636(c). On August 5, 2016, petitioner's petition for a writ of habeas corpus was denied. Petitioner appealed. On March 30, 2017, his appeal was dismissed because the Ninth Circuit found that petitioner's notice of appeal was filed late.

Shortly before the Ninth Circuit dismissed, petitioner filed a "motion to reopen habeas action" in this court. ECF No. 45. Respondent has filed an opposition to the motion and petitioner has filed a reply.

In his motion, petitioner asserts that in the decision denying his petition for writ of habeas corpus, the court did not address petitioner's claims that his trial counsel was ineffective for failing to request a competency hearing and failing to present a "mental state defense."

/////

1

In his petition, petitioner specifically identifies two claims:

1. "Denial Of Hearing On Mental Competency To Stand Trial In The Face Of Conflicting Evidence;" and

2. "Denial Of Effective Assistance Of Counsel."

Claim 2 concerns trial counsel's advice as to whether it was appropriate for petitioner to contest whether he had sustained certain prior convictions.

While petitioner does not specifically identify trial counsel's ineffectiveness for failing to request a competency hearing or counsel's failure to present a "mental state defense" as claims for relief in his habeas petition, he does suggest in the body of his argument in support of his first claim that his counsel had knowledge prior to trial that plaintiff had mental issues. See ECF No. 1 at 9, 11, 68-69, 74.

Even if the court were to find that petitioner sufficiently presented to this court the claims he says he did, the court's decision not to specifically address these issues in its order denying petitioner's habeas petition is not sufficient grounds for re-opening this action pursuant to Rule 60(b) of the Federal Rules of Civil Procedure which permits the court to grant relief from judgment under certain circumstances. As noted by respondent, a court implicitly rejects an argument by not addressing it, see Clemons v. Mississippi, 494 U.S. 738, 747 n. 3 (1990), and the appropriate method for challenging the denial of any of the issues raised in his appeal was by way of appeal to the Ninth Circuit.

Furthermore, as noted by respondent, the Supreme Court has found that to the extent a Rule 60(b) motion advances a habeas corpus claim, whether new or previously denied, rather than a present a "defect in the integrity of the federal habeas proceedings," the motion is actually a successive habeas petition under 28 U.S.C. § 2244(b) upon which petitioner cannot proceed without first obtaining authorization from the Ninth Circuit. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). Petitioner has not obtained authorization.

In light of the foregoing, petitioner's "motion to reopen habeas action" will be denied and the court need not reach respondent's argument that the motion is not timely.

/////

Accordingly, IT IS HEREBY ORDERED that petitioner's March 20, 2017 "motion to reopen habeas action" is denied.

Dated: November 14, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
scio2438.mfr

3